UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Case No. 18-20220
                                  HON. GERSHWIN A. DRAIN

vs.

DJUAN BARNES,

    Defendant.

_____/

## **ORDER DENYING MOTION FOR RECONSIDERATION [#27]**

On September 7, 2018, this Court entered an Amended Opinion and Order denying the Defendant's Motion to Suppress Evidence because at the point officers searched Defendant's hotel room he had lost his privacy interest in the room and its contents because his rental period had expired. The Court also held that the officers would have inevitably discovered the contents of Defendant's room because hotel policy required that all of a guest's belongings be discarded upon failure to pay for continued rental of the room.

Presently before the Court is the Defendant's Motion for Reconsideration, filed on September 19, 2018. In his present motion, Defendant maintains that the

Court committed a palpable defect by failing to consider his argument that officers' warrantless seizure of Defendant's hotel room for more than 18 hours resulted in a Fourth Amendment violation under *Illinois v. McArthur*, 531 U.S. 326, 329 (2001).

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Here, contrary to Defendant's argument, the Court has not committed a palpable defect. In support of his Motion for Reconsideration, Defendant relies on an Opinion and Order Denying his Motion to Suppress Evidence that was entered earlier in the day on September 7, 2018. This first Opinion and Order was drafted by one of the Court's summer interns and contained the legal analysis of a law student who had just completed his first year of legal training. The Court did not agree with the student's impression of the relevant authority and this proposed Opinion and Order was inadvertently filed by the Court's clerk. Upon learning of the error, the Court promptly filed an Amended Opinion and Order that represents this Court's actual position on the legal issues raised by Defendant's Motion to Suppress Evidence.

Specifically, the Court concluded that the holding in *Illinois v. McArthur* has no bearing on this instant dispute. 531 U.S. 326, 329 (2001). In *Illinois*, the defendant argued that evidence seized from his home should have been suppressed because the officers "refus[ed] to let him reenter the [home] unaccompanied, which would have permitted him . . . to have destroyed the [evidence]." *Id*. (internal quotation marks omitted). The factual circumstances here do not involve a residence, but a hotel room rental, and Defendant was never restricted from entering his hotel room because he had been arrested for the separate violation of possessing a stolen vehicle.

3

Moreover, to the extent Defendant suggests that a Fourth Amendment violation occurred pursuant to *Illinois* when Officer Clarke entered the hotel room with Defendant's girlfriend so that she could retrieve personal belongings, such an argument is unavailing. Defendant's girlfriend has no standing to challenge the officer's conduct on behalf of the Defendant, and in any event, none of the photographs taken of her personal belongings will be introduced during Defendant's trial.

Lastly, even if *Illinois* applied, the Court would conclude that the warrantless seizure was reasonable. Unlike in *Illinois*, the officers in this case arrested the Defendant and questioned his girlfriend after 5:00 p.m. on February 12, 2018. Thus, the officers could not have obtained a warrant that evening. The rental period expired, and the hotel's manager's consent to search occurred the following morning obviating the need for a warrant as Defendant had no legitimate expectation of privacy under the Fourth Amendment at that point.

Accordingly, for these reasons, Defendant's Motion for Reconsideration [#27] is DENIED.

SO ORDERED.

Dated: September 21, 2018          s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 21, 2018, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager